```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DOUGLAS WINTER,**

                                 **Plaintiff,**

        v.                                           CASE NO. 19-3236-SAC

**PATRICK MANSFIELD, et al.,**

                                 **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and in forma pauperis. The action comes before the Court on the motion to dismiss filed by defendant Corizon, LLC ("Corizon").

### Background

Plaintiff commenced this action on November 19, 2019, seeking monetary damages for alleged violations of his constitutional rights. Plaintiff sustained injuries in an October 2018 altercation with his cellmate and with responding corrections officers at the El Dorado Correctional Facility. He later received medical treatment at the Hutchinson Correctional Facility that he alleges was constitutionally inadequate. The complaint names six corrections officers, other unidentified individuals, and Corizon as defendants.

Plaintiff states that Corizon is under a contract with the Kansas Department of Corrections to provide health care to prisoners in its custody, and he claims Corizon is "responsible for all the injuries incurred by plaintiff and should be forced to provide proper health care to return him to the physical state and well-being before these injuries occurred." (Doc. 1, p. 13).

He specifically asserts that defendant Corizon "refuses to properly set his pinky finger claiming that it would be cosmetic. Corizon diagnosed a conjunctival hemorrhage in his left eye, his vision has been impaired and [all] is offered [are] eye drops and glasses. Corizon refuses to repair the scar that is painful down the side of his face claiming that it is cosmetic. Corizon refuses to fix his teeth and are choosing the cheaper alternative and want to pull them out. Corizon will only administer ibuprofen to abate the pain which is not adequate in strength…." (Doc. 1, p. 17).

## Discussion

Defendant Corizon seeks dismissal under Rule 12(b)(6). A defendant may seek dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering such a motion must assume the facts alleged in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Where a corporation performs a role typically performed by a state or municipality, the corporate entity can be sued under § 1983. *Richardson v. McKnight*, 399, 413 (1997)(citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982)). Accordingly, where a state delegates its penological role to a corporate entity, the entity can be held liable for constitutional violations. *Smith v. Cochran*, 339, F.3d 1205, 1215-16 (10th Cir. 2003).

To succeed on a § 1983 claim brought against a corporate entity, the plaintiff must prove both that a corporate employee or agent

violated the plaintiff's constitutional rights and that the violation was the result of a custom or policy of the corporation. *Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)(citations omitted).

Here, plaintiff does not allege any facts that support a claim of corporate liability, as he does not claim that any custom, practice, or corporate policy attributable to Corizon caused a violation of his constitutional rights.

Likewise, as defendant states, plaintiff may not pursue relief against it under a theory of respondeat superior. Rather, to state a claim for relief under a theory of supervisory liability, plaintiff must show that "'(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.'" *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)(quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011)). Plaintiff has not identified such a policy linking the corporate defendant to alleged constitutional violations, and he therefore does not state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED the motion to dismiss of defendant Corizon, LLC (Doc. 11) is granted.

**IT IS SO ORDERED.**

DATED:  This 3d day of September, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg